IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
C.A. NO. 5:12-CV-00316-FL

JODY LEE PIERCY,

    Plaintiff,

vs.

TIME WARNER CABLE INC. and
CREDIT MANAGEMENT, LP

    Defendants.

## ANSWER OF DEFENDANT

**NOW COMES** the defendant Credit Management, LP, and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, as and for its Answer to the Complaint in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### FIRST DEFENSE AND ANSWER

The defendant Credit Management, LP ("Defendant") responds to the specific allegations of the Complaint as follows:

### INTRODUCTION

1. The allegations contained in paragraph 1 of the Complaint are inapplicable to the Defendant and no response is required. To the extent a response is required, the same are denied.

2. It is denied that the Defendant has violated any state statutes. The allegations contained in paragraph 2 of the Complaint are therefore denied.

## JURISDICTION

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## PARTIES

7. It is admitted upon information and belief that the plaintiff is an adult residing in Fayetteville, North Carolina. The remaining allegations contained in paragraph 7 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

8. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint and the same are therefore denied.

9. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and the same are therefore denied.

10. It is admitted that defendant is licensed as a collection agency with the North Carolina Department of Insurance. It is further admitted that, at times, defendant engages in the collection of consumer debts. To the

extent the allegations contained in paragraph 10 of the Complaint are legal conclusions, no response is required. To the extent a response is required, the same are denied. Except as specifically admitted, the allegations contained in paragraph 10 of the Complaint are denied.

11. The allegations contained in paragraph 11 of the Complaint are admitted.

## FACTUAL ALLEGATIONS

12. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint and the same are therefore denied.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint and the same are therefore denied.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint and the same are therefore denied.

15. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint and the same are therefore denied.

16. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint and the same are therefore denied.

17. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint and the same are therefore denied.

18. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 18 of the Complaint as they pertain to Defendant TWC and the same are therefore denied. The allegations contained in paragraph 18 of the Complaint are denied as they pertain to the answering defendant.

19. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint and the same are therefore denied.

20. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint and the same are therefore denied.

21. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint and the same are therefore denied.

22. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 22 of the Complaint and the same are therefore denied.

23. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and the same are therefore denied.

24. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 24 of the Complaint and the same are therefore denied.

25. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint and the same are therefore denied.

26. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 26 of the Complaint and the same are therefore denied.

27. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 27 of the Complaint and the same are therefore denied.

28. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 28 of the Complaint and the same are therefore denied.

29. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 29 of the Complaint and the same are therefore denied.

30. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint and the same are therefore denied.

31. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 31 of the Complaint and the same are therefore denied.

32. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 32 of the Complaint and the same are therefore denied.

33. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 33 of the Complaint and the same are therefore denied.

34. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint and the same are therefore denied.

35. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 35 of the Complaint and the same are therefore denied.

36. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 36 of the Complaint and the same are therefore denied.

37. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 37 of the Complaint and the same are therefore denied.

38. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 38 of the Complaint and the same are therefore denied.

39. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 39 of the Complaint and the same are therefore denied.

40. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint and the same are therefore denied.

41. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 41 of the Complaint and the same are therefore denied.

42. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 42 of the Complaint and the same are therefore denied.

43. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint and the same are therefore denied.

44. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint and the same are therefore denied.

45. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 45 of the Complaint and the same are therefore denied.

46. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 46 of the Complaint and the same are therefore denied.

47. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 47 of the Complaint and the same are therefore denied.

48. It is admitted that accounts were assigned to defendant for collection from Time Warner Cablevision which listed the obligor as being the plaintiff. Except as specifically admitted, the allegations contained in paragraph 48 of the Complaint are denied.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 50 of the Complaint and the same are therefore denied.

51. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 51 of the Complaint and the same are therefore denied.

52. The correspondence referenced in paragraph 52 of the Complaint speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 52 of the Complaint are inconsistent therewith, the same are denied. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 52 of the Complaint and the same are therefore denied. Except as specifically admitted, the allegations contained in paragraph 52 of the Complaint are denied.

53. Defendant is without sufficient information or belief to admit or deny the allegations contained in paragraph 53 of the Complaint and the same are therefore denied.

54. The correspondence referenced in paragraph 54 of the Complaint speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 54 of the Complaint are inconsistent therewith, the same are denied. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 54 of the Complaint and the same are therefore denied. Except as specifically admitted, the allegations contained in paragraph 54 of the Complaint are denied.

55. Defendant is without sufficient information or belief to admit or deny the allegations contained in paragraph 55 of the Complaint and the same are therefore denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 57 of the Complaint and the same are therefore denied.

58. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 58 of the Complaint and the same are therefore denied.

59. It is admitted that Defendant closed the account and returned it to Defendant TWC on or about March 12, 2010. Except as specifically admitted, the Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 59 of the Complaint and the same are therefore denied.

60. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 60 of the Complaint and the same are therefore denied.

61. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 61 of the Complaint and the same are therefore denied.

62. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 62 of the Complaint and the same are therefore denied.

63. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 63 of the Complaint and the same are therefore denied.

64. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 64 of the Complaint and the same are therefore denied.

65. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 65 of the Complaint and the same are therefore denied.

66. The allegations contained in paragraph 66 of the Complaint are denied.

67. The allegations contained in paragraph 67 of the Complaint are denied.

68. The allegations contained in paragraph 68 of the Complaint are denied.

69. The allegations contained in paragraph 69 of the Complaint are denied.

70. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 70 of the Complaint and the same are therefore denied.

71. Defendant's correspondence with plaintiff speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 71 of the Complaint are inconsistent therewith, the same are denied. Except as admitted, the allegations contained in paragraph 71 of the Complaint are denied.

72. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 72 of the Complaint and the same are therefore denied.

73. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 73 of the Complaint and the same are therefore denied.

74. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 74 of the Complaint, including all subparts, and the same are therefore denied.

75. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 75 of the Complaint and the same are therefore denied.

76. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 76 of the Complaint and the same are therefore denied.

77. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 77 of the Complaint and the same are therefore denied.

78. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 78 of the Complaint and the same are therefore denied.

## TRIAL BY JURY

79. The allegations contained in paragraph 79 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## FIRST CLAIM FOR RELIEF

80. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

81. The allegations contained in paragraph 81 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

82. The allegations contained in paragraph 82 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

83. The allegations contained in paragraph 83 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

84. The allegations contained in paragraph 84 of the Complaint are denied.

85. The allegations contained in paragraph 85 of the Complaint are denied.

86. The allegations contained in paragraph 86 of the Complaint are denied.

87. The allegations contained in paragraph 87 of the Complaint are denied.

88. The allegations contained in paragraph 88 of the Complaint are denied.

## SECOND CLAIM FOR RELIEF

89. The admissions, denials and averments set forth above are realleged and incorporated herein by reference.

90. The allegations contained in paragraph 90 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

91. The allegations set forth in paragraph 91 of the Complaint do not pertain to the Defendant and no response is required. To the extent a response is required, the same are denied.

92. The allegations set forth in paragraph 92 of the Complaint do not pertain to the Defendant and no response is required. To the extent a response is required, the same are denied.

93. The allegations set forth in paragraph 93 of the Complaint do not pertain to the Defendant and no response is required. To the extent a response is required, the same are denied.

94. The allegations set forth in paragraph 94 of the Complaint do not pertain to the Defendant and no response is required. To the extent a response is required, the same are denied.

## SECOND DEFENSE

The plaintiff has failed to allege any injury which would substantiate a claim for actual damages and any claim for the same should therefore be stricken.

## THIRD DEFENSE

Defendant did not make any false or misleading representation to plaintiff or anyone else.

## FOURTH DEFENSE

Plaintiff did not justifiably rely upon any alleged false or misleading representation.

## FIFTH DEFENSE

If plaintiff was injured or damaged, any and all such injury or damage was a proximate result of the intervening and/or superseding acts and/or omissions of persons and/or entities not under the control of defendant.

## SIXTH DEFENSE

If Plaintiff was injured or damaged, any and all injury or damage was as a proximate result of circumstances beyond the control of Defendant.

## SEVENTH DEFENSE

If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the acts and/or omissions of persons and/or entities not under the control of Defendant.

## EIGHTH DEFENSE

If Plaintiff was injured or damaged, any and all such injury or damage was not foreseeable by Defendant.

## NINTH DEFENSE

If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the actions of Plaintiff.

## TENTH DEFENSE

If, in fact, Defendant performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

## ELEVENTH DEFENSE

At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor or original creditor of the account.

## TWELFTH DEFENSE

Defendant specifically reserves its right to assert such other and affirmative defenses as the same are discovered through the course of investigation and discovery.

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. The complaint be dismissed WITH PREJUDICE;

2. Plaintiff have and recovery nothing of defendant;

3. Defendant be awarded its reasonable attorney fees and costs as provided under applicable law; and,

4. The costs of this action be taxed to the Plaintiff.

This the 13th day of June, 2012.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for the defendant Credit Management, LP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon all other parties to this cause by CM/ECF as follows:

Joseph A. Bledsoe
Counsel for the plaintiff
3217 Friendly Boulevard
Fayetteville, NC 28304
jbledsoe@attorneybledsoe.com
*Counsel for Plaintiff*

D.J. O'Brien, III
Brooks Pierce McLendon Humphrey & Leonard, LLP
1600 Wells Fargo Capitol Building
150 Fayetteville Street
Raleigh NC 27601
dobrien@brookspierce.com
*Counsel for Defendant Time Warner Cable Inc.*

Reid L. Phillips
Brooks Pierce McLendon Humphrey & Leonard, LLP
1600 Wells Fargo Capitol Building
150 Fayetteville Street
Raleigh NC 27601
rpierce@brookspierce.com
*Counsel for Defendant Time Warner Cable Inc.*

This the 13th day of June, 2012.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for the defendant Credit Management, LP*